UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| K.H.E.E.P. ENTERTAINMENT | : | CASE NO. |
| GROUP LLC | : | |
| 14708 SEATTLE SLEW PLACE | : | |
| ORLANDO, FL 32826 | : | |
| | : | |
| AND | : | COMPLAINT FOR BREACH OF |
| | : | CONTRACT, UNJUST |
| | : | ENRICHMENT, |
| NIXCLUSIVE EVENTS LLC | : | WIRE FRAUD, VIOLATING |
| 14986 HUNTCLIFF PARKWAY | : | RACKETEER INFLUENCED AND |
| ORLANDO. FL 32824 | : | CORRUPT ORGANIZATIONS ACT, |
| AND | : | ATTORNEYS' FEES |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEE MONEY ENTERTAINMENT | : | |
| INC., % REGISTERED AGENT | : | |
| 1410 E WASHINGTON AVE | : | |
| ATLANTA, GA 30344 | : | |
| | : | |
| AND | : | |
| | : | |
| RED HORIZON, INC. | : | |
| % REGISTERED AGENT | : | |
| 9363 FORT DEFIANCE AVE | : | |
| LAS VEGAS, NV 89178 | : | |
| | : | |
| AND | : | |
| | : | |
| WALDEN DAVIS | : | |
| 8725 ROSWELL RD | : | |
| SUITE O-256 | : | |
| ATLANTA, GA 30350 | : | |
| | : | |
| AND | : | |

JOHNNY CRUZ                      :
9363 FORT DEFIANCE AVE          :
LAS VEGAS, NY 89178             :
        Defendants.        :

1. Plaintiff K.H.E.E.P. Entertainment Group, LLC (herein "Kheep") is a limited liability company registered in and with a principal place of business in Orlando, Florida.

2. Plaintiff Nixclusive Events LLC (herein "Nixclusive") is a limited liability company registered in and with a principal place of business in Orlando, Florida.

3. Upon information and belief Defendant Dee Money Entertainment, Inc. (herein "Dee Money") is a corporation registered in and with a principal place of business in Atlanta, Georgia.

4. Upon information and belief Defendant Red Horizon, Inc. (herein "Red Horizon") is a corporation in and with an office in Las Vegas, Nevada.

5. Upon information and belief Walden Davis is the owner and majority membership interest holder of Dee Money and is domiciled in Atlanta, Georgia.

6. Upon information and belief, Johnny Cruz is the owner and majority shareholder of Red Horizon and is domiciled in Las Vegas, Nevada.

## JUSRISDICTION

7. The Court has jurisdiction over this case on two grounds: the case involves a federal question and diversity jurisdiction.

8. The action is appropriately brought under 18 U.S.C. 1331, federal question jurisdiction, as Defendants have violated 18 U.S.C. 1343 and 18 U.S.C. 1962.

9. The Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. 1367.

## COUNT 1: BREACH OF CONTRACT

10. All preceding paragraphs are incorporated herein by reference.

11. On or around April 29, 2019 Plaintiffs Kheep and Nixclusive (Collectively "Plaintiffs") entered into a contract with Dee Money and Red Horizon (collectively "Defendants"). A copy is attached hereto as Exhibit 1.

12. The contract was related to an event to be held at a club at Mandalay Bay Casino in Las Vegas, NV on or around May 26 and 27, 2019 (herein "The Event").

13. Under the terms of the Contract, Plaintiffs were responsible for 25% of all expenses related to The Event.

14. Plaintiffs remitted payments to Defendant totaling $71,225 in expenses for The Event. A copy of all payments by wire transfer are attached hereto as Exhibit B and C.

15. Plaintiffs wire transferred $46,875 to Defendants for expenses for The Event.

16.     Plaintiffs provided $19,500 in cash to Defendants at The Event.

17.     Under the terms of the Contract, Plaintiffs were entitled to 25% of the net revenue from the May 26th and 27th event, payable within 30 days of The Event.

18.     To date, Plaintiff has not received any payment from Defendants related to The Event.

19.     Defendants breached the Contract by failing to remit payment within 30 days of The Event.

20.     To date, Plaintiff has not received any accounting of profits or loss from the Event.

21.     Plaintiffs have incurred damages as a result of Defendants breach of contract, in an amount to be proven at trial.

22.     Plaintiffs estimate damages resulting from the breach of Contract exceed $100,000.

## COUNT 2: UNJUST ENRICHMENT

23.     All preceding Paragraphs are incorporated by reference herein, as if fully restated here.

24.     Defendants had the use of Plaintiffs $46,875 wire transfers for over five months.

25.     Defendants had the use of Plaintiffs $19,500 in cash for over four months.

26. Defendants received the benefits of Plaintiffs' marketing budge for The Event.

27. Defendants received the benefit of Plaintiffs' payment to Roland Johnny.

28. Defendants received the benefit of Plaintiffs' payment to DJ Nice 1.

29. Plaintiffs have not be reimbursed for its forwarding expense costs.

30. Plaintiffs have not received any profits for its hard work and expenses.

31. Defendants have been unjustly enriched by retain the possession and use of Plaintiffs money and marketing efforts without paying Plaintiffs.

32. Plaintiffs have been damages as a result of Defendants use of Plaintiffs' money.

33. Plaintiffs have been damaged in an amount no less than $71,500.

## COUNT 3: VIOLATION OF 18 U.S.C. 1343, FRAUD BY WIRE

34. All preceding paragraphs are incorporated herein by reference.

35. Defendants represented to Plaintiff that Plaintiff's would receive 25% of net profits on The Event if Plaintiffs contributed 25% of expenses for The Event.

36. Defendants representation was false, as Defendants have not paid Plaintiffs any amount of money.

37. Plaintiff relied upon Defendants' representation that Plaintiffs would receive 25% of The Events net profits if Plaintiffs invested 25% of the expenses, when Plaintiffs transferred $46,875 by wire transfer.

38.     Defendants made false representations to Plaintiffs in order to obtain a wire transfer.

39.     Plaintiffs have not received 25% of net profits from The Event.

40.     Plaintiffs have not received any money or compensation as a result of investing in or promoting The Event.

41.     Defendants devised scheme and plan was ultimately to obtain a wire transfer, either directly or indirectly from Plaintiffs.

42.     Plaintiffs did complete wire transfers of $46,875 to Defendants.

43.     Plaintiffs have been damaged in an amount not less than $46,875as a result of Defendants actions.

44.     Defendants actions outline above violated 18 U.S.C. 1343.


## COUNT 4: VIOLATION OF 18 U.S.C. 1962, RACKETEER INFLUENCED AND CORRUP ORGANIZATIONS ACTS

45.     All preceding paragraphs are incorporated herein by reference.

46.     Defendants Walden Davis and Johnny Cruz engaged in a scheme or plan to receive income from a pattern of activity.

47.     The pattern of activity to which income is derived is through ill-gotten means of wire transfer fraud and/or bank fraud , to wit:

    1. Entering into contracts with Plaintiffs for events,

2. Make false statements to Plaintiffs in order to obtain money from Plaintiffs via wire transfer,

3. Obtaining wire transfers for expenses to The Event,

4. Promising to Plaintiffs 25% of net profits from The Event,

5. Failing to return any expenses forwarded by Plaintiff back to Plaintiff,

6. Failing to pay 25% of net profits from The Event to Plaintiffs,

48.    Defendants Walden Davis and Johnny Cruz acted in concert with one another to derive a financial benefit from a fraudulent wire transfer and/or financial institution.

49.    Defendants Walden Davis and Johnny Cruz actions as outlined herein constitutes a violation of 18 U.S.C. 1962.

50.    Plaintiffs have been damaged in an amount not less than $71,225 as a result of Defendants Walden Davis and Johnny Cruz actions.

51.    Plaintiffs has been damages as a result of having to prosecute the action herein and is entitled to attorneys fees under 18 U.S.C. 1964.

## <u>COUNT 5: ATTORNEYS FEES</u>

52.    All preceding paragraphs are incorporated herein by reference.

53.    The Contract provides that any party found in breach of the Contract shall be responsible for all attorneys fees for the opposite party.

54.    Defendants Dee Money and Red Horizon have breached the Contract.

55.     Plaintiffs are entitled to recover their attorneys fees as a result of this Action
        pursuant to the Contract from Defendants Dee Money and Red Horizon.

56.     Defendants Walden Davis and Johnny Cruz have violated 18 USC 1962.

57.     Plaintiffs are entitled to recover they attorneys fees as a result of this Action
        pursuant to 18 USC 1964(C) from Defendants Walden Davis and Johnny Cruz.


WHEREFORE, Plaintiff pray this Court:

A) Award Plaintiff actual damages in an amount to be provided at trial,

B) Award Plaintiff compensatory damages,

C) Award Plaintiff treble damages in accordance with 18 USC 1964(c),

D) Award Dealer Defendants its attorneys fees in accordance with 18 USC 1964(c),

E) Statutory interest on the judgment,

F) Costs of bringing this action,

G) Any other relief the Court deems just and equitable.

*-  SIGNATURE ON NEXT PAGE -*

Respectfully submitted, this 5th day of November, 2019

**DOUGLAS L. BROOKS, P.C.**

**/s/Douglas L. Brooks**
Douglas L. Brooks
Georgia Bar No.  084725
Attorneys for Plaintiff

Post Office Box 8477
Atlanta, Georgia 31106
404-442-9101
doug@douglasbrookslaw.com